**Finn STROMBERG, Appellant**

v.

**MARRIOTT INTERNATIONAL, INC., et al., Appellees.**

No. 07–7038.

United States Court of Appeals,
District of Columbia Circuit.

Nov. 14, 2007.

Samuel M. Shapiro, Law Office of Samuel M. Shapiro, Rockville, MD, for Appellant.

Robert B. Wallace, A. Daniel Ullman, II, Wilson, Elser, Moskowitz, Edelman & Dicker, Washington, DC, for Appellees.

BEFORE: SENTELLE, RANDOLPH, and KAVANAUGH, Circuit Judges.

## JUDGMENT

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. *See* Fed. R.App. P. 34(a)(2); D.C. Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the District Court's judgment filed February 7, 2007, be affirmed, 474 F.Supp.2d 57. Appellant has not shown that the District Court abused its discretion in dismissing this case pursuant to the doctrine of *forum non conveniens. See Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 257, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981); *Pain v. United Techs. Corp.,* 637 F.2d 775, 781 (D.C.Cir.1980) (stating that determinations of *forum non conveniens* "represent exercises of structured discretion by trial judges.... Thus, the principal question ... is whether the district court abused that discretion").

Appellant is a Norwegian citizen alleging claims arising from a taxi cab accident that occurred in Mexico while riding in a cab driven by a Mexican national and owned by a Mexican company. The only connection to the District of Columbia is that Appellees' headquarters are located in the District of Columbia. Appellees agreed to accept service in Mexico and waived any statute of limitations defenses. Under our familiar standard for *forum non conveniens* analyses, the District Court did not abuse its discretion in finding that the Province of Nuevo Leon in Mexico is an adequate alternative forum for Appellant's claims. *See Piper Aircraft,* 454 U.S. at 254 n. 22, 102 S.Ct. 252 (noting that "[o]rdinarily," an alternative forum is adequate when "the defendant is 'amenable to process' in the other jurisdiction") (quoting *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 506–07, 67 S.Ct. 839, 91 L.Ed. 1055 (1947)).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing · en banc. *See* Fed. R.App. P. 41(b); D.C. Cir. Rule 41.